UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIE ADAMS,

        Plaintiff,

v.                                                Case No. 09-C-323

DR. BUTLER, *Coordinator/Director of Health Services Unit of Brown County Jail*, et al.,

        Defendant.

## ORDER

The plaintiff is a prisoner currently being held at the Brown County Jail on a parole or probation hold. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. He has paid the initial partial filing fee of $17.34. Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the statutory filing fee in this case. Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Plaintiff alleges that he is being denied access to the medications he needs for high blood pressure and other conditions. This states a claim under the Eighth Amendment. Plaintiff has named Dr. Butler, the "jail doctor," as a defendant. Dr. Butler most likely provides medical care to inmates under a contract with the County, since it is doubtful that the Brown County Jail has a physician on staff. But this does not mean he is not a proper defendant. Private physicians who provide medical services for prison inmates under contract with the state are considered to be acting under color of state law for purposes of § 1983 jurisdiction. *West v. Adkins*, 487 U.S. 42, 54 (1988). It also seems unlikely that Dr. Butler would be responsible for dispensing medications at the jail. It is not clear from the complaint, however, whether plaintiff's medications have not been continued

2

because Dr. Butler has not continued his prescriptions or because the jail's medical staff has failed to dispense them. A doctor's failure to order the continuation of medications that other doctors have found necessary may constitute deliberate indifference, and this slight possibility is sufficient to avoid dismissal at this point. The case will therefore proceed as to Dr. Butler.

Plaintiff has also named the "jail medical coordinator" as a defendant and has attempted to name "medical staff" at the Brown County Jail. Plaintiff states he is unable to obtain the staff members' names. Although plaintiff will eventually have to identify the "medical staff" members he wishes to sue by name and provide them notice of the acts or failure to act that he alleges caused his injury or loss, his failure to do so at this stage is not fatal to his claim. In *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996), the Court observed that "[n]umerous cases in this and other circuits have established that, when the substance of a pro se civil rights complaint indicates the existence of claims against individual officials not specifically named in the caption of the complaint, the district court must provide the plaintiff with an opportunity to amend the complaint." Indeed, not only must the court provide the plaintiff an opportunity to amend the complaint, but "[t]o the extent the plaintiff faces barriers to determining the identities of the unnamed defendants, the court must assist the plaintiff in conducting the necessary investigation." *Id.*

At this point, the case will proceed against the coordinator or director of the Jail's Health Services Unit, whose name may be added to the caption after he or she files a response to the complaint. Plaintiff may also direct one or more interrogatories to the coordinator/director inquiring whether he was prescribed the medications he claims he needs and, if so, why he was not provided those medications. If it appears the medication was prescribed but not dispensed, plaintiff may also

3

request by interrogatory the identities of the medical staff member or members who were responsible for dispensing the medication to him. Based upon the responses to such interrogatories, plaintiff may amend his complaint to specifically name jail staff who he has reason to believe violated his rights.

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* is **GRANTED**.

**IT IS ORDERED** that the Brown County Sheriff or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon Dr. Butler and the Coordinator/Director of the Health Services Unit of the Brown County Jail pursuant to Fed. R. Civ. P. 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921. The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R. § 0.114(a)(2), (a)(3). Even though Congress requires the court to order service by the U.S. Marshals Service when an impoverished person is permitted to proceed *in forma pauperis*, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

**IT IS ORDERED** that the defendants shall file a responsive pleading to the plaintiff's complaint.

4

**IT IS ALSO ORDERED** that copies of this order be sent to the Brown County Sheriff who is responsible for the operation of the jail where the inmate is confined and to John F. Luetscher, Brown County Corporation Counsel, 305 E. Walnut St., P.O. Box 23600, Green Bay, Wisconsin 54305-3600.

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in § 1915A precludes a defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the defendant disagrees with my analysis or believes I have overlooked something during my screening.

Dated this __21st__ day of April, 2009.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge